UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AUTUMN LAKE RECREATION
ASSOCIATION, INC.,

Case No.:   2:21-cv-00304-JLB-MRM

*Plaintiff/Counter-Defendant,*

v.

KATERRA CONSTRUCTION, LLC,

*Defendant/Counter-Plaintiff.*
_____/

## PLAINTIFF/COUNTER-DEFENDANT AUTUMN LAKE RECREATION ASSOCIATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

COMES NOW Plaintiff/Counter-Defendant AUTUMN LAKE RECREATION ASSOCIATION, INC. ("Association"), by and through its undersigned counsel, and files its Answer and Affirmative Defenses to Defendant/Counter-Plaintiff KATERRA CONSTRUCTION, LLC's ("Katerra") Counterclaim [D.E. 3] as follows:

### PARTIES, JURISDICTION, AND VENUE[1]

1. Paragraph 1 does not contain factual allegations that necessitate a response by the Association. Instead, Paragraph 1 contains the identity of the cause of action and an allegation that the same exceeds the jurisdictional threshold. To the

---

[1] The captions and titles from the Counterclaim are reproduced herein for ease of reference. To the extent any of the captions and titles are deemed to be an allegation that necessitate a response, the same are hereby denied.

extent that Paragraph 1 is deemed to contain factual allegations that necessitate a response by the Association, the same are denied.

2. Admitted for jurisdictional purposes only, otherwise, the Association lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies the same.

3. The Association admits the allegations contained in Paragraph 3.

4. Paragraph 4 of the Counterclaim contains legal conclusions to which no response is needed. To the extent that allegations contained therein are deemed to require a response, then the Association lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore, denies the same.

5. The Association admits that venue is appropriate in Lee County, Florida.

## FACTUAL BACKGROUND

6. The Association admits that it entered into a contract with Katerra on or around July 3, 2019 and that a copy of the same is attached to the Counterclaim as Exhibit 1 and that the document speaks for itself.

7. The allegations contained in Paragraph 7 do not appear to be complete as it is unclear what the identified buildings are the "subject" of. Nonetheless, Paragraph 7 contains a legal conclusion, for which no response is required. To the extent that the Association is required to respond, then the Association states that the legal description speaks for itself.

8. (a)-(d) Paragraphs 8 (a)-(d) contain legal conclusions, for which no response is required. To the extent that the Association is required to respond, then the Association states that the legal description speaks for itself.

9. The Association denies the allegations contained in Paragraph 9.

10. The Association denies the allegations contained in Paragraph 10.

11. The Association denies the allegations contained in Paragraph 11.

12. The Association denies the allegations contained in Paragraph 12.

13. The Association denies the allegations contained in Paragraph 13. Notwithstanding the denial, the document attached as Exhibit 2 [the Lien], speaks for itself, although the Association denies the validity of the Lien.

## FIRST CAUSE OF ACTION

### Breach of Contract / Breach of the Implied Covenant of Good Faith and Fair Dealing

14. The Association incorporates its responses to the allegations made in Paragraphs 1 through 13 of the Counterclaim as if fully set forth herein.

15. The Association admits the allegations contained in Paragraph 15.

16. The Association denies the allegations contained in Paragraph 16.

17. The Association denies the allegations contained in Paragraph 17.

18. The Association denies the allegations contained in Paragraph 18. Further responding, any failure to pay was warranted as the damages suffered by the Association as a result of Katerra's failures far exceed the lien amount.

3

19. The Association is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore, denies the same. Notwithstanding, any damages allegedly suffered by Katerra are exceeded by the damages suffered by the Association.

20. The Association is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore, denies the same. Notwithstanding, any damages allegedly suffered by Katerra are exceeded by the damages suffered by the Association.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

21. The Association incorporates its responses to the allegations made in Paragraphs 1 through 20 of the Counterclaim as if fully set forth herein.

22. Paragraph 22 contains a legal conclusion, for which no response is required. To the extent that the Association is required to respond, then the Association denies the same.

23. The Association denies the allegations in Paragraph 23.

24. The Association denies the allegations in Paragraph 24.

25. The Association denies the allegations in Paragraph 25.

## THIRD CAUSE OF ACTION

### Claim of Lien Foreclosure

26. The Association incorporates its responses to the allegations made in Paragraphs 1 through 25 of the Counterclaim as if fully set forth herein.

27. The Association denies the allegations in paragraph 27.

28. The Association denies the allegations in paragraph 28.

29. The Association denies the allegations contained in Paragraph 29. Further responding, any failure to pay was warranted as the damages suffered by the Association as a result of Katerra's failures far exceed the lien amount.

30. The Association denies the allegations in paragraph 30.

31. The Association denies the allegations in paragraph 31 and the validity of the Lien.

32. The Association is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore, denies the same.

33. The Association denies the allegations contained in Paragraph 33.

## AFFIRMATIVE DEFENSES

1. Katerra failed to state a claim upon which relief can be granted.

2. Katerra failed to perform under the subject contract and thereby committed the first material breach of the same, resulting in damages to the Plaintiff.

3. The Association is owed a set off against any damages claimed by Katerra for the damages it suffered as a result of Katerra's insufficient and faulty work.

4. For the reasons set forth in the underlying Complaint, which are hereby incorporated, the subject lien is invalid.

5. Katerra's claims are barred by the doctrine of unclean hands.

6. Katerra's claims are barred by the doctrine of laches.

7. Katerra's claims are barred by the doctrine of waiver.

8. Katerra's claims are barred by the doctrines of contributory and/or comparative negligence.

9. Katerra failed to satisfy all conditions precedent and the same have not been waived.

10. For the reasons set forth in the underlying Complaint, which are hereby incorporated, Katerra's claims fail and/or are barred and/or are not of the nature that would warrant an award of damages.

11. Katerra's failed to perform its work in accordance with the Florida Building Code.

12. Katerra failed to mitigate its damages.

13. Katerra's claims are barred by the applicable statute of limitations.

### Attorneys' Fees

The Association has been forced to retain the undersigned firm to represent it in this matter and has agreed to pay a reasonable fee for its services.

WHEREFORE and by reason of the forgoing, the Association respectfully requests that this Honorable Court enter an Order which:

1) Determines that Katerra's claims should be barred and/or dismissed with prejudice or, in the alternative, that it shall take nothing from the Association;

2) Determines that Katerra's Lien is invalid;

3) Determines that the Association is owed a set off against anything awarded to Katerra for the amounts owed by Katerra to the Association;

4)  Award the Association its attorneys' fees and costs for having to defend this action; and

5)  Grant such further and additional relief that this Honorable Court deems just and appropriate.

### Jury Demand

The Association demands a trial by jury on all issues so triable.

Dated: May 17, 2021

        Respectfully submitted,

        PAVESE LAW FIRM
        *Attorneys for Plaintiff/Counter-Defendant*
        P.O. Box 1507
        Fort Myers, Florida 33902-1507
        Telephone No.: (239) 334-2195
        Facsimile No.: (239) 332-2243
        Email: justinmazzara@paveselaw.com

        By: */s/ Justin B. Mazzara*
            JUSTIN B MAZZARA
            Florida Bar No. 36217

## **CERTIFICATE OF SERVICE**

I certify that on May 17, 2021, I presented the foregoing to the Clerk of Court by filing and uploading to the CM/ECF system, which will send a Notice of Electronic Filing to the following:

>Peter D. Weinstein, Esq.
>Michael A. Rosenberg, Esq.
>Adrianna De La Cruz-Munoz, Esq.
>COLE, SCOTT & KISSANE, P.A.
>*Attorneys for Defendant/Counter-Plaintiff*
>600 North Pine Island Road
>Lakeside Office Center, Suite 500
>Plantation, FL   33324
>Email:   peter.weinstein@csklegal.com
>Email:   michael.rosenberg@csklegal.com
>Email:   adrianna.delacruz-munoz@csklegal.com

>/s/ Justin B. Mazzara